```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA
```

MICHAEL ALLMAN,                  )
                                 )
          Plaintiff,             )
                                 )
v.                               )   Case No. CIV-13-495-FHS-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
          Defendant.             )

**REPORT AND RECOMMENDATION**

Plaintiff Michael Allman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 5, 1964 and was 47 years old at the time of the ALJ's decision. Claimant completed his high school education with special education classes. Claimant has worked in the past as a cook. Claimant alleges an inability to work beginning July 1, 2009 due to limitations resulting from spina

3

bifida, a brain shunt, panic attacks, anxiety, and stomach problems.

## Procedural History

On March 22, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law James Bentley ("ALJ") on August 29, 2012 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on October 25, 2012. On September 12, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform less than a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly analyze the record; (2) failing to include all of Claimant's limitations in the questioning of the vocational expert

4

at step five; (3) overusing the term "stable" in assessing Claimant's severe conditions; and (4) rejecting the opinion of Claimant's treating physician.

**Analysis of the Medical Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of cognitive disorder with a shunt in the brain, spina bifida, scoliosis, stomach problems, major depressive disorder, and anxiety attacks. (Tr. 25). He concluded that Claimant retained the RFC to perform less than a full range of light work. In so doing, the ALJ found Claimant could not reach overhead and must avoid all exposure to unprotected heights and moving machinery. The ALJ stated Claimant could perform simple and repetitive tasks but he could only have occasional contact with co-workers and supervisors. He could only have occasional contact with the general public. (Tr. 28). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of power screwdriver operator and nut-and-bold assembler, both of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 39). Based upon these findings, the ALJ concluded Claimant was not disabled from July 1, 2010 through the date of the decision. Id.

Claimant contends the ALJ referenced his headaches several

times in his decision but failed to state whether they were a severe or non-severe impairment. The ALJ did reference Claimant's headache condition some 18 times in the decision. Yet, he was clear that he did not identify the condition as a severe impairment. (Tr. 25). As such is the case, the condition was reasonably considered as a non-severe impairment.

At this point in Claimant's argument, it is uncertain whether he contends his headaches should have been considered a severe impairment at step two or whether he asserts the ALJ should have considered the non-severe condition in combination with the severe impairments and did not. Should he be arguing the former, at step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28.

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

In this regard, Claimant has failed to sustain his burden of demonstrating that his headaches were so debilitating that they

7

prevented him from engaging in basic work activity.

If Claimant is contending the ALJ did not consider the combined effect of this non-severe impairment with his severe impairments, the ALJ expressly stated that he did consider the combination of conditions in his analysis. (Tr. 37). This Court finds no error in the ALJ's consideration of Claimant's headache condition.

**Questioning of the Vocational Expert at Step Five**

Claimant contends the ALJ failed to inquire as to whether the vocational expert's testimony conflicted with the *Dictionary of Occupational Titles* ("DOT"). The ALJ included restrictions for avoiding all exposure to unprotected heights and moving machinery as well as overhead reaching. (Tr. 67). The vocational expert then identified the jobs available under these restrictions. (Tr. 68). The ALJ did not inquire as to whether the expert's testimony conflicted with the DOT and he should have done so. However, before this omission can be considered reversible error, an actual conflict must exist between the DOT and the vocational expert's testimony. Poppa v. Astrue, 569 F.3d 1167, 1173-74 (10th Cir. 2009). In this case, Claimant does not identify any regulation or refer to any provision of the DOT which would place the vocational expert's testimony in conflict with the DOT. Instead, Claimant merely attempts to create a conflict with his own interpretation of

8

the terms of limitation.  This is insufficient to create an actual conflict with the DOT.  Moreover, the vocational expert is aware of the terms of the hypothetical questioning in light of the DOT.  Despite any apparent or implied conflict, the ALJ is entitled to rely upon the vocational expert's testimony as long as a basis for doing so exists.  Segovia v. Astrue, 226 Fed.Appx. 801, 804 (10th Cir. 2007) citing Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000).  This Court perceives little to no conflict in the vocational expert's testimony and the DOT.  The use of the term "frequent use of hands and arms" required by the identified jobs does not incorporate "overhead reaching" which the ALJ excluded in the hypothetical questioning.  One can clearly use their hands and arms without engaging in overhead reaching.  Similarly, the use of the term "pushing and pulling" as a require action in the representative jobs does not necessarily entail "overhead reaching."  No error is found in the ALJ's questioning of the vocational expert and, if any error is found, it was harmless under the case authority.

Claimant also contends the job of nut-and-bolt assembler included a requirement for mathematical skills. He further asserts the ALJ should have ordered a consultative examination in order to ascertain whether he could perform the required mathematics.  The vocational expert expressly stated he had identified these jobs because they have the reasoning, math, and language level which

9

meets the definition of simple which was a requirement of the RFC. The testimony satisfies the regulations without requiring additional consultative opinion evidence.

**Use of the Term "Stable"**

Claimant also challenges the ALJ's repeated characterization of his status as "stable." This Court does not perceive the ALJ's use of the term to be an indication that his various conditions are improved or not limiting but rather that the conditions have not worsened. (Tr. 30-37). Indeed, the record indicates that his stomach (Tr. 308, 327, 336, 349, 356, 542, 574), back (Tr. 316, 334, 340, 343, 369), and mental conditions (Tr. 322, 340, 342, 349, 364, 369, 397, 538, 540, 542, 545, 574) were controlled with medication or had not worsened. This Court finds no reversible error in the employment of the term "stable" in describing Claimant's conditions at various times in the record.

**Evaluation of Opinion Evidence**

Claimant suggests the ALJ erred in his rejection of the opinion offered by Dr. Erica Sun. On April 13, 2011, Dr. Sun completed a Mental Impairment Questionnaire on Claimant's condition. Dr. Sun found Claimant suffered from a mental disorder which resulted in reduced intellectual functioning. She found Claimant would be required to be absent from work 2-3 times per month. (Tr. 472-73). She also opined Claimant would have

difficulty working at a regular job on a sustained basis due to cognitive deficiencies, poor concentration, inability to retain learned information, and memory problems. Dr. Sun found Claimant would constantly experience problems with concentration, persistence or pace resulting in a failure to complete tasks in a timely manner in work settings or elsewhere. She estimated Claimant would have episodes of decompensation three or more times. She also found moderate limitation in the area of difficulty in maintaining social functioning. (Tr. 474).

The ALJ gave Dr. Sun's opinion "little weight." He found that Dr. Sun's treatment notes and the other medical evidence did not support the level of limitation urged by Dr. Sun. As an example, the ALJ cites to Dr. Sun's finding that Claimant experiences memory problems but that Claimant repeatedly demonstrated his understanding of treatment provider instructions such as the medication instructions for his GI symptoms. He also states that objective testing of Claimant's memory did not support the degree of limitation found by Dr. Sun. (Tr. 35). While Claimant appears to speculate as to the objective testing to which the ALJ refers, he need only read the next paragraph in the ALJ's decision to note he relies upon the testing and records of state agency physicians. Id.

The ALJ has provided sufficient bases for the weight he afforded Dr. Sun's report. The evidence indicated Claimant

11

reviewed his medications, allergies, past surgeries, and past medical diagnoses with physicians with no reference to a failure to remember such information. (Tr. 308, 327, 336, 349, 356, 542, 574). Moreover, the evaluation provided by Dr. Haisam Al-Khouri also supports the ALJ's finding that Claimant's mental status does not limit him to the extent urged by Dr. Sun. (Tr. 364-65). Consequently, this Court finds no error in his assessment of Dr. Sun's opinion evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　KIMBERLY E. WEST
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE